**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENSHI QI,<br><br>            Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.    16-72692<br><br>Agency No. A087-862-542<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Wenshi Qi, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We do not consider the materials Qi references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Substantial evidence supports the agency's determination that Qi failed to establish he suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution). Substantial evidence also supports the agency's determination that Qi did not establish a well-founded fear of future persecution. *See id*. at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Qi's asylum claim fails.

Because Qi failed, for purposes of asylum, to establish past harm severe enough to rise to the level of past persecution or to establish a well-founded fear of such harm in the future, he necessarily fails to meet the more stringent standard required for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

16-72692

Finally, substantial evidence supports the agency's denial of CAT relief because Qi failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**